IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

    Plaintiff,

v.

DAVID HYLAND, ET AL.,

    Defendants.

ORDER

Case No. 19-cv-1059-jdp

---

Plaintiff Davarius Lavalle Riggins has submitted a inmate account statement for the six month period preceding the complaint in support of the pending motion to proceed without prepayment of the filing fee. Accordingly, the court must determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for filing this case.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I calculate plaintiff's initial partial filing fee to be $2.50. For this case to proceed, plaintiff must submit this amount on or before March 3, 2020.

If plaintiff does not have enough money to make the initial partial payment from plaintiff's regular account, plaintiff should arrange with prison authorities to pay the remainder from plaintiff's release account.

ORDER

IT IS ORDERED that,

1. Plaintiff Davarius Lavalle Riggins is assessed $2.50 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $2.50 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before March 3, 2020.

2. If, by March 3, 2020, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing this case at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 11th day of February, 2020.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge