IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

                Plaintiff,

    v.

JUDGE DAVID HYLAND, DISTRICT ATTORNEY
DAVID HART, DISTRICT ATTORNEY HECTOR
AL-HOMSI, SOCIAL WORKER LORENA DOMKE,
DISTRICT ATTORNEY ANDREA BETH RAYMOND,
JUDGE JILL KAROFSKY, COMMISSIONER JASON         OPINION and ORDER
HANSON, DANE COUNTY SHERIFF OFFICE,
DANE COUNTY JAIL, DANE COUNTY, SHERIFF             19-cv-1059-jdp
DAVID MAHONEY, ALL OF THE DANE COUNTY
DEPUTY'S, DANE COUNTY COURT HOUSE, CITY
COUNTY BUILDING (CCB), DEPUTY ROCKOW,
DEPUTY ZILLI, DANE COUNTY CLERK OF
COURTS, DEPUTY NICK HANUSHEWIC, DEPUTY
MATTHEW BEYER, DEPUTY BOUSQUET, DEPUTY
DERSE, and JOHN DOES,

                Defendants.

---

Pro se plaintiff Davarius Lavalle Riggins, an inmate in the Dane County jail, brings this lawsuit against a host of defendants based on his contention that he was illegally arrested, detained, convicted, and sentenced in the Dane County Circuit Court. Dkt. 1. Because Riggins is proceeding in forma pauperis, I must screen his proposed complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who cannot be sued for money damages by law. 28 U.S.C. §§ 1915 and 1915A. Riggins is representing himself, so I will hold his complaint "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Riggins doesn't have to identify any particular legal theory in his complaint, but his complaint must contain allegations that, if true, would entitle him to relief.

Fed. R. Civ. P. 8(a)(2); *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014).

Riggins cannot proceed with any of his claims at this point because his complaint violates the Federal Rules of Civil Procedure by joining together claims and defendants who do not belong in the same lawsuit. To proceed, he must choose which set of claims he wishes to pursue. I will give him a short time to do so.

ALLEGATIONS OF FACT

I draw the following facts from the allegations in Riggins's complaint, Dkt. 1, and accept them as true for the purpose of screening his complaint.

Riggins went to the Dane County courthouse on November 25, 2019, for a hearing regarding his bond and bail. He does not describe the circumstances that led to this hearing. His fiancée and her three children were in the courtroom during the hearing, which was conducted by judge Hyland. Riggins attempted to record the hearing on his phone, but a bailiff told him that he couldn't do so and tried to swat the phone out of Riggins's hand.

Hyland revoked Riggins's bail and directed bailiffs to take him into custody. The bailiffs forced everyone out of the courtroom and locked the doors. Riggins says that approximately 15 bailiffs and deputies threw him to the floor with their knees on his back and ribs, with some punching him in the ribs and others pinching him. He screamed for help, and his fiancée attempted to get back into the courtroom. The bailiffs secured him to a chair then held him in a segregation room in the Dane County jail for two and a half hours. He complained that he couldn't breathe, but the jail nurse and deputies laughed and told him that he would be okay. He hyperventilated and sweated through his clothes, then blacked out.

Two days later, Riggins was showering in the jail when he got into a conflict with a deputy who asked him to return a tray on which breakfast had been served. He says that other deputies came to the door of the shower with tasers and shields, after which he put the tray down and ran into the shower. The deputies then used a taser on him while he was under running water. He blacked out, after which they threw him on a metal table, causing a softball-sized knot on his face.

Riggins says that he has been getting sick in the jail because there is too much lead in the water and because the jail is filled with black mold.

Dane County deputies Rockow and Zilli have been threatening to harm Riggins, perhaps in retaliation for a grievance that Riggins and another inmate filed against them.

ANALYSIS

In describing Riggins's factual allegations, I have ignored his allegations that relate to his status as a so-called "sovereign citizen." As I have told Riggins in several prior orders, the court of appeals has summarily rejected such theories and has directed district courts to do the same. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected . . . theories of individual sovereignty, immunity from prosecution, and their ilk. . . . These theories should be rejected summarily, however they are presented.") So I will not waste court resources in describing allegations and rejecting Riggins's claims based on them.

The problem with the remainder of Riggins's complaint is that he is trying to bring different sets of claims against different defendants, which violates Federal Rule of Civil Procedure 20 by joining claims together that do not belong in the same lawsuit. Under Rule 20, a plaintiff may name multiple defendants in a lawsuit only if the plaintiff asserts claims

against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. Once a defendant has been properly joined under Rule 20, the plaintiff may bring any other claims he has against that defendant, whether or not those claims comply with Rule 20's requirements. But a plaintiff may not bring unrelated claims against defendants who have not been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The portions of Riggins's complaint that do not involve sovereign-citizen theories describe four distinct groups of potential claims against four different groups of defendants:

(1) The assault in the courtroom and its immediate aftermath.

(2) The altercation in the Dane County jail's shower.

(3) The conditions of confinement in the Dane County jail.

(4) Deputy Rockow and deputy Zilli's threats to harm Riggins.

Each of these groups of claims would require a separate lawsuit because none of them are based on the same series of transactions or occurrences and none of them appear to involve the same defendants.

So Riggins must choose which of these lawsuits he wishes to pursue under this case number. If he wishes to pursue the other sets of claims, he must raise them in separate lawsuits. If he does not do so, those claims will be dismissed without prejudice and he will be free to bring them at another time so long as he does so before the statute of limitations has run.

Because it is not clear at this time which of Riggins's four lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they provide fair notice of his claims as required by Federal Rule of Civil Procedure 8. Once Riggins identifies the suit or suits he wants to litigate, I will screen the complaint under

§§ 1915 and 1915A. Because Riggins faces filing fees and potential "strikes" under § 1915(g) for each lawsuit he pursues, he should carefully consider the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Riggins disagrees with the way I have grouped his lawsuits or objects to my ignoring any of his allegations and claims that are based on theories of sovereign citizenship, he may raise those objections, but he must still comply with this order and choose which of the four lawsuits he wishes to pursue. If he fails to do so by the deadline identified below, I will dismiss all of his claims for his failure to prosecute them.

ORDER

IT IS ORDERED that

1. Plaintiff Davarius Lavalle Riggins may have until June 17, 2020, to identify for the court whether he wishes to proceed with lawsuit (1), (2), (3), or (4) under the case number assigned to this case. Riggins must pick one and only one of these lawsuits to proceed under this case number.

2. Riggins must also tell the court by June 17, 2020, whether he wishes to pursue any of his other lawsuits under a separate case number or whether he will dismiss them voluntarily.

3. After Riggins chooses which lawsuit or lawsuits he wants to pursue, I will screen the claims to determine whether they comply with 28 U.S.C. §§ 1915 and 1915A.

4. If Riggins fails to respond to this order by June 17, 2020, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered June 3, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge