IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

                        Plaintiff,

  v.

SHERIFF DAVID MAHONEY, JOHN DOE DANE
COUNTY SHERIFF'S OFFICE DEPUTIES, JOHN
DOE DANE COUNTY COURTHOUSE BAILIFFS,
and JOHN DOE DANE COUNTY SHERIFF'S
OFFICE NURSE,

                        Defendants.

OPINION and ORDER

19-cv-1059-jdp

---

Pro se plaintiff Davarius Lavalle Riggins contends that he was attacked by bailiffs and sheriff's deputies during a bail hearing in the Dane County Circuit Court, after which he was tied to a chair and ignored for two and a half hours. I gave him leave to proceed on claims under the Fourth Amendment to the United States Constitution against the unidentified bailiffs, deputies, and nurse who he says mistreated him. Dkt. 15. I retained Dane County Sheriff David Mahoney as a nominal defendant for the purpose of serving the complaint and identifying the Doe defendants.

Two issues are before me. First, defendants have moved for summary judgment on the ground that Riggins failed to exhaust his administrative remedies before bringing this lawsuit. Dkt. 26. Second, Riggins has failed to prosecute this case by ignoring two important deadlines and by failing to inform the court of his current address.

As for defendants' exhaustion motion, the Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v.*

*Koch*, 902 F.3d 683, 687 (7th Cir. 2018). The Dane County jail's grievance policy requires inmates to submit grievances within "five (5) working days from the date the grievable issue occurred." Dkt. 28-1, at 2. Defendants submit copies of the grievances that Riggins filed in the weeks following his bail hearing, none of which concern the events he describes during and after his bail hearing. Dkt. 28-2.

Although Riggins was a pretrial detainee at the time described in his complaint, the PLRA's exhaustion requirements apply to pretrial detainees as well as convicted prisoners. *See Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016) (applying PLRA exhaustion requirements to claims based on treatment during pretrial detention). But there's a potential wrinkle in defendants' motion, which is that the PLRA's exhaustion requirements apply to lawsuits about "prison conditions," 42 U.S.C. § 1997e(a). Some of Riggins's allegations concern his treatment in a courtroom, not the jail, and defendants don't cite any authority applying exhaustion requirements to courtroom events. But the court of appeals did so in a case involving a pretrial detainee's allegation that a bailiff assaulted him during a courtroom proceeding. *Worthem v. Boyle*, 404 F. App'x 45 (7th Cir. 2010). The court held that the plaintiff had waived the issue by failing to raise it in his appellate brief. *Id.* at 45–46. Because Riggins has failed to respond to defendants' motion or otherwise prosecute this case, I will likewise hold that he has waived the point and that he has failed to exhaust his claims.

But even if Riggins hadn't failed to exhaust his claims, his failure to prosecute this case is a separate ground for dismissal. A court has the inherent authority to dismiss a lawsuit without a motion if the plaintiff fails to prosecute his case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). Riggins did not respond to defendants' exhaustion motion by his deadline to do so, nor did he file an amended complaint naming the Doe defendants by his February 1,

2021 deadline, *see* Dkt. 23. And mail sent to the address he provided at the Dane County jail has been returned as undeliverable, Dkt. 30, as has mail sent to his previous address, Dkt. 32. I warned Riggins in screening his complaint that if he changed addresses while this case was pending but failed to inform the court of his new address, "his claims may be dismissed for his failure to prosecute them" Dkt. 15, at 5–6.

Defendants' uncontested submissions show that Riggins failed to exhaust his claims, so I will grant defendants' motion for summary judgment. Normally, the consequence for failure to exhaust is dismissal without prejudice. A court may dismiss a plaintiff's claims with prejudice for his failure to prosecute them if "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *GCIU Emp'r Retirement Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (quoting *Pyramid Energy, Ltd. V. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989) (emphasis removed)). Riggins's conduct doesn't rise to this level, so I will dismiss his claims without prejudice. But it's likely that Riggins will be unable to exhaust his claims because any future grievance would be untimely under the Dane County jail's grievance rules.

ORDER

IT IS ORDERED that defendants' motion for summary judgment for failure to exhaust administrative remedies, Dkt. 26, is GRANTED. Plaintiff Davarius Lavalle Riggins's claims are

DISMISSED without prejudice. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered April 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge